# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

CHRISTOPHER RALEIGH                                                   PLAINTIFF

v.                                                       CIVIL ACTION NO. 5:17CV-P90-GNS

U.A. MR. JOSH PATTON *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Christopher Raleigh, a prisoner incarcerated in the Kentucky State Penitentiary (KSP), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

## I. SUMMARY OF CLAIMS

Plaintiff sues the following KSP officers in their individual capacities: Josh Patton, Unit Administrator (U.A.) of 7-cellhouse; Chris Vincent, Lieutenant "over Property Room"; Steven Birdsong, Sergeant; and James Corley, Correctional Officer.

In the complaint, Plaintiff claims that on January 19, 2017, "They refused to give me a seized property form, and threw my personal property away, under 8th Admendment . . . ." He further claims, "Upon being stripped out and placed in Observation Cell #2, I saw [Defendants] Sgt. Birdsong and C/O Corely inventory my personal property and set certain Item's aside to be seized, but were thrown away instead!"

Plaintiff reports that he filed a grievance regarding the issue on January 20, 2017; that Defendant Patton "said on the Informal Resolution that it was in the 7C/H Property Room, but it wasn't there at all"; that Plaintiff wrote Warden Randy White about the situation; that Plaintiff informed U.A. Mitchell, who is "over 7C/H of the problem he's the one who had made me file a

theif report also"; and that the grievance process was "completed and they said they counselled [Defendant] C/O Corley on this matter!!" Plaintiff additionally claims that he wrote Defendant Vincent "about the problem and filled out numerous Property Escort Form's to Inventory my property that is in the Yard Property Room, but I was denied!!"

As relief, Plaintiff requests, "Damage's of personal property being thrown away Book's, Magazine's, and 'Family 29-count Photo's that were of sentimental Value to me,' I am asking for $2,500.$^{00}$!!!!"

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff alleges that his personal property was thrown away in violation of the Eighth Amendment.

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. at 834; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03. "'[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Street*, 102 F.3d at 815 (quoting *Farmer v Brennan*, 511 U.S. at 836). "Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998).

Here, there is no indication that Defendants' conduct deprived Plaintiff of the minimum civilized measure of life's necessities or implicated Plaintiff's health or safety. *See Hunter v. Sherman*, 49 F. App'x 611, 612 (6th Cir. 2002) ("[The plaintiff] cannot state a claim under the Eighth Amendment for deliberate indifference to the security of his property."); *Jones v. Caruso*, No. 2:11-cv-65, 2011 WL 3740579, at *9 (W.D. Mich. Aug. 24, 2011) (holding that confiscation of an inmate's property does not rise to the level of an Eighth Amendment violation).

Consequently, the destruction of Plaintiff's property does not rise to the level of an Eighth Amendment violation, and his claim will be dismissed.

Further, as to any Fourteenth Amendment due-process claim Plaintiff may be attempting to assert, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *See Parratt v. Taylor*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the Sixth Circuit held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Plaintiff does not allege any reason why a state-

court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff fails to state a Fourteenth Amendment due-process claim, and that claim will be dismissed.

The Court will enter a separate Order dismissing this case.

Date: November 29, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.005